Derik N. Lewis, SBN 219981
**VANTIS LAW FIRM, APC**
120 Vantis Drive, Suite 300
Aliso Viejo, California 92656
Telephone: (949) 216-0935
Facsimile: (949) 296-0935

Attorney for Debtor
COLLIN GIBELLINO

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| IN RE<br><br>COLLIN GIBELLINO,<br><br>*Debtor*. | **CASE NO. 8:19-bk-12960-CB**<br><br>**CHAPTER: 7**<br><br>**DEBTOR'S NOTICE OF MOTION AND MOTION TO COMPEL ABANDONMENT OF PROPERTY BY TRUSTEE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF COLLIN GIBELLINO IN SUPPORT THEREOF**<br><br>**[11 U.S.C. §554(b); FRBP 6007(a)]**<br><br>**(NO HEARING REQUIRED)** |

**TO THE HONORABLE CATHERINE E. BAUER, THE CHAPTER 7 TRUSTEE THOMAS H CASEY, THE OFFICE OF THE UNITED STATES TRUSTEE; AND ALL OTHER INTERESTED PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** COLLIN GIBELLINO (***"Debtor"***) is filing a Motion to Compel Abandonment of Property by Trustee under 11 U.S.C. §554(b). The Motion is based on this Notice, the Memorandum of Points and Authorities, and the Declaration of Collin Gibellino in support thereof filed herewith and on all pleadings and records on file in this case.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(o), any party objecting to the Motion may request a hearing on the Motion. The deadline for filing and

serving a written opposition and request for a hearing is 14 days after the date of service of this Notice, plus an additional 3 days unless the Notice of Motion was served by personal delivery or posting as described in F.R.Civ.P. 5(b)(2)(A)-(B). If you fail to comply with this deadline, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and Notice.

**WHEREFORE**, the Debtor respectfully request that the Court grant Debtor's Motion to Compel Abandonment of Property by Trustee under 11 U.S.C. §554(b).

DATED: November 18, 2019

**VANTIS LAW FIRM, APC**

By: ______________________________
Derik N. Lewis
Attorney for Debtor
COLLIN GIBELLINO

**TABLE OF CONTENTS**

**PAGE**

MEMORANDUM OF POINTS AND AUTHORITIES ........ 1

I. INTRODUCTION ........ 1

II. LEGAL ARGUMENT ........ 1

A. THIS COURT HAS POWER TO COMPEL ABANDONMENT ........ 1

B. THE RESIDENCE AND THE STATE LAW CLAIMS ARE OF INCONSEQUENTIAL VALUE TO THE ESTATE ........ 2

C. ABANDONMENT HAS NO EFFECT ON THE OUTSTANDING LIEN AVOIDANCE MOTIONS WITH RESPECT TO THE RESIDENCE ........ 3

III. CONCLUSION ........ 5

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

COLLIN GIBELLINO (***"Debtor"***) is the owner of the real property located at 8 Snapdragon St, Ladera Ranch, California 92694, APN 759-591-04 (the ***"Residence"***). (*See* Declaration of Collin Gibellino in Support (***"Gibellino Decl."***) ¶ 2). Debtor filed for Chapter 7 bankruptcy on July 30, 2019. (Gibellino Decl., ¶ 2, Ex. 1, Docket (the ***"Docket"***) for case number 8:19-bk-12960-CB). Debtor listed the Residence and the associated mortgages on the schedules in his bankruptcy matter. (Gibellino Decl., ¶ 2, Docket Items 1, 24). On September 24, 2019, the chapter 7 trustee filed its report of no distribution. (Gibellino Decl., ¶ 2, Docket Item 25).

Debtor applied for a foreclosure prevention alternative in the form of a short sale on June 13, 2018 which related to the mortgage that was listed on schedules. (Gibellino Decl., ¶ 3). Debtor alleges that the Mortgage holder violated California's Homeowner Bill of Rights (***"HBOR"***) on July 17, 2018. (*Id*). Debtor filed civil litigation in state court on July 20, 2018 (Orange County Superior Court, Central Justice Center, case number 30-2018-01006634-CU-OR-CJC) alleging various violations of California's Homeowner Bill of Rights (the ***"State Law Claims"***). (*Id*). Debtor listed the State Law Claims on his Schedules. (*Id*).

By this Motion to Compel Abandonment of Property (this ***"Motion"***), Debtors ask this Court for an Order to compel abandonment of Residence and the State Law Claims by the Trustee on the grounds that the Residence and the State Law Claims are of inconsequential value to the estate. Debtors have complied with Local Bankruptcy Rule 9013-1(o)(1) and, concurrently with the filing hereof, Debtors provided Trustee, the creditors and all parties in interest with notice of this Motion.

## II. LEGAL ARGUMENT

### A. THIS COURT HAS POWER TO COMPEL ABANDONMENT

The law is clear that property which is of inconsequential value and benefit to the estate may be abandoned under § 554(a) of the Bankruptcy Code. *See* 11 U.S.C. § 554(a); *In re Johnston*, 49 F.3d 538, 539-40 (9th Cir. 1995). Section 554(b) provides that "[o]n request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate

that is […] of inconsequential value and benefit to the estate." *See* 11 U.S.C. § 554(b); *Morgan v. K.C. Mach. & Tool Co. (In re K.C. Mach. & Tool Co.),* 816 F.2d 238, 245 (6th Cir.1987); *In re Viet Vu*, 245 B.R. 644, 647 (B.A.P. 9th Cir. 2000).

Upon abandonment, the property reverts to the party holding a possessory interest or to the Debtor, and the property interest is restored *nunc pro tunc* as of the filing of the bankruptcy petition. *In re Kreisel*, 399 B.R. 679, 687 (BC CDCA 2008); *Catalano v. Commissioner of Internal Revenue Service*, 279 F.3d 682, 685 (9th Cir. 2002).

**B. <u>THE RESIDENCE AND THE STATE LAW CLAIMS ARE OF INCONSEQUENTIAL VALUE TO THE ESTATE</u>**

An asset is considered to be of "inconsequential value if its ***sale would generate nothing for unsecured creditors***." *In re Zamora*, No. 10-53496, 2016 WL 617194, at *1 (Bankr. N.D. Cal. Feb. 16, 2016) (emphasis added); *See also In re Pauline,* 119 B.R. 727, 728 (9th Cir. BAP 1990); *In re Bolden,* 327 B.R. 657, 668 (Bkrtcy.C.D.Cal.2005).

The State Law Claims provide only injunctive relief and are of no value to the purported estate. See Cal. Civ. Code §§ 2924.6 and 2924.12.

Debtor received an exterior appraisal of the Residence which indicates a value of **$580,000** without taking into consideration any deferred maintenance or disrepair of the Residence. (Gibellino Decl., ¶ 4, Ex. 2).

The Residence is encumbered by the following secured liens: (Gibellino Decl., ¶ 5, Ex. 3)

1. A Deed of Trust originally held by Ladera Lending, Inc. (***"Senior Original Lender"***) now held by Caliber Home Loans, Inc. with an outstanding balance of **$672,564.05** (the ***"Senior Mortgage"***). (Gibellino Decl., ¶ 5);

2. An Abstract of Judgment recorded in the Official Records of Orange County by Citibank (South Dakota) N.A. on July 13, 2010 as instrument number 2010000330288 in the amount of **$3,221.00**. (Gibellino Decl., ¶ 5);

3. A Notice of Homeowners Association Lien recorded in the Official Records of Orange County by Ladera Ranch Maintenance Corporation on February 9, 2017 as instrument number 2017000058851 in the amount of **$1,126.12**. (Gibellino Decl., ¶ 5);

4. A Notice of Pendency of Action recorded in the Official Records of Orange County on July 24, 2018 as instrument number 2018000270377. (Gibellino

Decl., ¶ 5);

5. A Notice of Pendency of Action recorded in the Official Records of Orange County by Ladera Ranch Maintenance Corporation, A Nonprofit Public Benefit Corporation on August 30, 2018 as instrument number 2018000319029. (Gibellino Decl., ¶ 5);

6. A Federal Tax Lien recorded in the Official Records of Orange County by the United States of America on December 6, 2018 as instrument number 2018000456008 in the amount of **$75,545.10**. (Gibellino Decl., ¶ 5);

7. An Abstract of Judgment recorded in the Official Records of Orange County by Ladera Ranch Maintenance on January 24, 2019 as instrument number 2019000023095 in the amount of **$15,753.41**. (Gibellino Decl., ¶ 5);

8. A Writ of Execution recorded in the Official Records of Orange County by Ladera Ranch Maintenance Corporation on May 30, 2019 as instrument number 2019000183839 in the amount of **$16,197.29**. (Gibellino Decl., ¶ 5);

9. An Abstract of Judgment recorded in the Official Records of Orange County by Alexander & Veronica Z c/o County of Orange on April 22, 2019 as instrument number 2019000128844 in the amount of **$2,604.39**. (Gibellino Decl., ¶ 5);

10. An Abstract of Judgment recorded in the Official Records of Orange County by Felicia M c/o County of Orange on April 22, 2019 as instrument number 2019000128844 in the amount of **$1,870.00**. (Gibellino Decl., ¶ 5);

11. An Abstract of Judgment recorded in the Official Records of Orange County by Melissa H c/o County of Orange on April 22, 2019 as instrument number 2019000128844 in the amount of **$323.23**. (Gibellino Decl., ¶ 5);

12. An Abstract of Judgment recorded in the Official Records of Orange County by Shelly M c/o County of Orange on April 22, 2019 as instrument number 2019000128844 in the amount of **$146.00**. (Gibellino Decl., ¶ 5).

In addition to the secured liens above, any sale of the Residence must account for real estate commissions and closing costs in the amount of 8% of the sales price, unknown trustee's fees, and an unknown per-diem accrual on the senior secured mortgage payoff. (Gibellino Decl., ¶ 6). Subtracting the above listed items from the value of the Residence results in the following calculation:

/ / /

/ / /

| Home Value: | $580,000.00 |
|---|---|
| Less: Closing costs and commissions (8%) | - $46,400.00 |
| Less: Trustee's Fees and Costs | -$ unknown |
| Less: Senior Mortgage Balance | - $672,564.05 |
| Less: Abstract of Judgment | - $3,221.00 |
| Less: Homeowners Association Lien Balance | - $1,126.12 |
| Less: Federal Tax Lien Balance | - $75,545.10 |
| Less: Abstract of Judgment | - $15,753.41 |
| Less: Writ of Execution | - $16,197.29 |
| Less: Abstract of Judgment | - $2,604.39 |
| Less: Abstract of Judgment | - $1,870.00 |
| Less: Abstract of Judgment | - $323.23 |
| Less: Abstract of Judgment | - $146.00 |
| Less: 120 days per diem (listing, sale and closing) | -$ unknown |
| Remaining for unsecured creditors: (NEGATIVE) | $<255,750.59> |

Any proposed sale of the Residence would result in no proceeds being paid to unsecured creditors. Therefore, the Residence is of "inconsequential value" to the estate as it would "generate nothing for unsecured creditors." *In re Zamora*, 2016 WL 617194, at *1; *In re Pauline,* 119 B.R. at 728; *In re Bolden,* 327 B.R. at 668.

**C. PROPOSED SALE OF THE RESIDENCE WOULD BE IMPROPER IN THE CASE AT HAND**

It is considered improper for a chapter 7 trustee to liquidate an asset that will not generate proceeds for unsecured creditors. *In re KVN Corp., Inc.*, 514 B.R. 1, 5 (B.A.P. 9th Cir. 2014) (It is "universally recognized, however, that the sale of a fully encumbered asset is generally prohibited."); *Carey v. Pauline (In re Pauline),* 119 B.R. 727, 728 (B.A.P. 9th Cir. 1990); *In re Scimeca Found., Inc.,* 497 B.R. 753, 781 (Bankr.E.D.Pa.2013) ("It is generally recognized that a chapter 7 trustee should not liquidate fully encumbered assets, for such action yields no benefit to unsecured creditors."); *In re Feinstein Family P'ship,* 247 B.R. 502, 507 (Bankr.M.D.Fla.2000) ("Clearly, the Code never contemplated that a Chapter 7 trustee should act as a liquidating agent for secured creditors who should liquidate their own collateral.").

The prohibition against the sale of fully encumbered property is also embedded in the official Handbook for Chapter 7 Trustees:

> [A] trustee should not sell property subject to a security interest ***unless the sale generates funds for the benefit of unsecured creditors***. A secured

> creditor can protect its own interests in the collateral subject to the security interest.
>
> [¶]
> Accordingly, the trustee must consider whether sufficient funds will be generated to ***make a meaningful distribution to unsecured creditors*** … before administering a case as an asset case. 28 U.S.C. § 586.

U.S. DOJ Exec. Office for U.S. Trs., Handbook for Chapter 7 Trustees at 4–16 (2012) (the ***"Trustee Handbook"***) (emphasis added).

In the case at hand, ***"the trustee's proper function is to abandon the property, not administer it, because the sale would yield no benefit to unsecured creditors."*** *In re KVN Corp., Inc.*, 514 B.R. 1, 5-6 (B.A.P. 9th Cir. 2014) (emphasis added). The official Handbook for Chapter 7 Trustees provides further support for an ***"immediate abandonment"*** of the Residence:

> In asset cases, when the property is fully encumbered and of nominal value to the estate, ***the trustee must immediately abandon the asset*** and contact the secured creditor immediately so that the secured creditor can obtain insurance or otherwise protect its own interest in the property. [§§] 554, 704.

Trustee Handbook, at 4–7. (emphasis added).

In fact, "the principle of abandonment was developed [...] to protect the bankruptcy estate from the various costs and burdens of having to administer property which could not conceivably benefit *unsecured* creditors of the estate." *In re Pauline,* 119 B.R. at 728; *see also In re K.C. Mach. & Tool Co.,* 816 F.2d at 246 ("[I]n enacting § 554, Congress was aware of the claim that formerly some trustees took burdensome or valueless property into the estate and sold it in order to increase their commissions.").

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## III. CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court grant Debtors' Motion to Compel Abandonment of Property by Trustee under 11 U.S.C. §554(b) and thereby order the Chapter 7 Trustee to abandon the Residence located at 8 Snapdragon St, Ladera Ranch, California 92694, APN 759-591-04, along with the State Law Claims and for such other and further relief as the Court deems just.

DATED: November 18, 2019

Respectfully submitted,

**VANTIS LAW FIRM**

By: ______________________________
Derik N. Lewis
Attorney for Debtor

**DECLARATION OF COLLIN GIBELLINO**

I, Collin Gibellino, declare as follows:

1. The following is true and correct to the best of my personal knowledge and if called upon as a witness I could and would competently testify to the truthfulness of the statement below.

2. I am the Debtor in the Chapter 7 bankruptcy case number 8:19-bk-12960-CB. I am the owner of the real property located at 8 Snapdragon St, Ladera Ranch, California 92694, APN 759-591-04 (the ***"Residence"***). I filed for Chapter 7 bankruptcy on July 30, 2019. I listed the Residence and the associated mortgages on the schedules in my bankruptcy case. On September 24, 2019, the chapter 7 trustee filed its report of no distribution. Attached as **Exhibit "1"** is a true and correct copy of the DOCKET for my bankruptcy case (the ***"Docket"***).

3. I applied for a foreclosure prevention alternative in the form of a short sale on June 13, 2018 which related to the mortgage that was listed on schedules. I believe and allege that the Mortgage holder violated California's Homeowner Bill of Rights (***"HBOR"***) on July 17, 2018. I filed civil litigation in state court on July 20, 2018 (Orange County Superior Court, Central Justice Center, case number 30-2018-01006634-CU-OR-CJC) alleging various violations of California's Homeowner Bill of Rights (the ***"State Law Claims"***). I listed the State Law Claims on my Schedules.

4. I received an exterior appraisal of the Residence which indicates a value of **$580,000** without taking into consideration any deferred maintenance or disrepair of the Residence. A true and correct copy of the appraisal is attached hereto as **Exhibit "2"**.

5. I received a title report from First American Title Company which indicated the liens listed below. A true and correct copy of the title report is attached hereto as **Exhibit "3"**.

a. A Deed of Trust originally held by Ladera Lending, Inc. (***"Senior Original Lender"***) now held by Caliber Home Loans, Inc. with an outstanding balance of **$672,564.05** (the ***"Senior Mortgage"***). Attached hereto as **Exhibit "4"** is a true and correct copy of the Payoff Quote for the Senior Mortgage dated June 28, 2019 which evidences the current outstanding amount on the mortgage of **$672,564.05**.;

b. An Abstract of Judgment recorded in the Official Records of Orange County by Citibank (South Dakota) N.A. on July 13, 2010 as instrument number

2010000330288 in the amount of **$3,221.00**. Attached hereto as **Exhibit "5"** is a true and correct copy of the Citibank (South Dakota) N.A. Lien in the amount of **$3,221.00**.;

    c.    A Notice of Homeowners Association Lien recorded in the Official Records of Orange County by Ladera Ranch Maintenance Corporation on February 9, 2017 as instrument number 2017000058851 in the amount of **$1,126.12**. Attached hereto as **Exhibit "6"** is a true and correct copy of the Notice of Homeowners Association Lien in the amount of **$1,126.12**.;

    d.    A Notice of Pendency of Action recorded in the Official Records of Orange County on July 24, 2018 as instrument number 2018000270377. Attached hereto as **Exhibit "7"** is a true and correct copy of the Notice of Pendency of Action.;

    e.    A Notice of Pendency of Action recorded in the Official Records of Orange County by Ladera Ranch Maintenance Corporation, A Nonprofit Public Benefit Corporation on August 30, 2018 as instrument number 2018000319029. Attached hereto as **Exhibit "8"** is a true and correct copy of the Notice of Pendency of Action.;

    f.    A Federal Tax Lien recorded in the Official Records of Orange County by the United States of America on December 6, 2018 as instrument number 2018000456008 in the amount of **$75,545.10**. Attached hereto as **Exhibit "9"** is a true and correct copy of the Federal Tax Lien in the amount of **$75,545.10**.;

    g.    An Abstract of Judgment recorded in the Official Records of Orange County by Ladera Ranch Maintenance on January 24, 2019 as instrument number 2019000023095 in the amount of **$15,753.41**. Attached hereto as **Exhibit "10"** is a true and correct copy of the Abstract of Judgment in the amount of **$15,753.41**.;

    h.    A Writ of Execution recorded in the Official Records of Orange County by Ladera Ranch Maintenance Corporation on May 30, 2019 as instrument number 2019000183839 in the amount of **$16,197.29**. Attached hereto as **Exhibit "11"** is a true and correct copy of the Writ of Execution in the amount of **$16,197.29**.;

    i.    An Abstract of Judgment recorded in the Official Records of Orange County by Alexander & Veronica Z c/o County of Orange on April 22, 2019 as instrument number 2019000128844 in the amount of **$2,604.39**. Attached hereto as **Exhibit "12"** is a true and correct copy of the Abstract of Judgment in the amount of **$2,604.39**.;

    j.    An Abstract of Judgment recorded in the Official Records of Orange County by Felicia M c/o County of Orange on April 22, 2019 as instrument number 2019000128844 in the amount of **$1,870.00**. Attached hereto as **Exhibit**

   **"13"** is a true and correct copy of the Abstract of Judgment in the amount of **$1,870.00**.;

k. An Abstract of Judgment recorded in the Official Records of Orange County by Melissa H c/o County of Orange on April 22, 2019 as instrument number 2019000128844 in the amount of **$323.23**. Attached hereto as **Exhibit "14"** is a true and correct copy of the Abstract of Judgment in the amount of **$323.23**.;

l. An Abstract of Judgment recorded in the Official Records of Orange County by Shelly M c/o County of Orange on April 22, 2019 as instrument number 2019000128844 in the amount of **$146.00**. Attached hereto as **Exhibit "15"** is a true and correct copy of the Abstract of Judgment in the amount of **$146.00**.

6. If the Residence were to be sold, the Residence will have the burdens upon sale of real estate commissions and closing costs in the amount of 8% of the sales price, unknown trustee's fees, and unknown per-diem accrual on the senior secured mortgage payoff.

7. I respectfully request that this Court grant my Motion to Compel Abandonment of Property by Trustee in this case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on November 18, 2019 at Ladera Ranch, California.

COLLIN GIBELLINO

| In re: Collin Gibellino Debtor(s). | CHAPTER: **7**<br>CASE NUMBER: **8:19-bk-12960-CB** |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**120 Vantis, Suite 300**
**Aliso Viejo, CA 92656**

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S NOTICE OF MOTION AND MOTION TO COMPEL ABANDONMENT OF PROPERTY BY TRUSTEE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF COLLIN GIBELLINO IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 18, 2019**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **November 18, 2019**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 18, 2019**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **November 18, 2019** | **Eva J. Sieg** | **/s/ Eva J. Sieg** |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**SERVICE LIST**

**VIA NOTICE OF ELECTRONIC FILING (NEF)**
- **Thomas H Casey (TR) (msilva@tomcaseylaw.com, thc@trustesolutions.net)**
- **Derik N Lewis on behalf of Debtor Collin Gibellino (dlewis@vantislaw.com, esieg@vantislaw.com, vantislaw@ecf.courtdrive.com; lewisdr84665@notify.bestcase.com)**
- **Sabari Mukherjee on behalf of Interested Party Courtesy NEF (notices@becket-lee.com)**
- **Valerie Smith on behalf of Interested Party Courtesy NEF (claims@recoverycorp.com)**
- **Jeffrey Speights on behalf of Attorney Ladera Ranch Maintenance Corp. (jeffs@attorneyforhoa.com, jeffreyspeights@gmail.com)**
- **United States Trustee (SA) (ustpregion16.sa.ecf@usdoj.gov)**

**DEBTOR VIA REGULAR MAIL**
**Collin Gibellino**
**8 Snapdragon St**
**Ladera Ranch, CA 92694**

**JUDGE'S COPY VIA REGULAR MAIL:**
**The Honorable Catherine E. Bauer**
**United States Bankruptcy Court**
**Central District of California**
**Ronald Reagan Federal Building and Courthouse**
**411 West Fourth Street, Suite 5165 / Courtroom 5D**
**Santa Ana, CA 92701-4593**

**VIA REGULAR MAIL**

**American Express Bank, FSB**
**c/o Becket and Lee LLP**
**PO Box 3001**
**Malvern, PA 19355-0701**

**American Express Centurion Bank**
**c/o Becket and Lee LLP**
**PO Box 3001**
**Malvern, PA 19355-0701**

**Amex**
**Correspondence**
**Po Box 981540**
**El Paso, TX 79980**

**Amex**
**Po Box 297871**
**Fort Lauderdale, FL 33329**

**Caliber Home Loans**
**Attn: Cash Operations**
**Po Box 24330**
**Oklahoma City, OK 73124**

**Capital One, N.A.**
**c/o Becket and Lee LLP**
**PO Box 3001**
**Malvern, PA 19355-0701**

**Chase Card Services**
**Correspondence Dept**
**Po Box 15298**
**Wilmington, DE 19850**

**Chase Card Services**
**Attn: Correspondence**
**Po Box 15278**
**Wilmington, DE 19850**

**Citibank (South Dakota) N.A.**
**c/o Hunt & Henriques**
**151 Bernal Rd #8**
**Imperial Beach, CA 91932-1829**

**County of Orange**
**c/o Accounting Unit**
**P.O. Box 10260**
**Santa Ana, CA 92711**

**Credit Protection Assoc**
**Po Box 802068**
**Dallas, TX 75380**

**Credit Protection Assoc**
**One Galleria Tower**
**Dallas, TX 75240**

**Dept of Ed / Navient**
**Attn: Claims Dept**
**Po Box 9635**
**Wilkes Barr, PA 18773**

**Easypay/dvra**
**2701 Loker Av West**
**Carlsbad, CA 92008**

**Franchise Tax Board**
**Bankruptcy MS: A-340**
**PO Box 2952**
**Sacramento, CA 95812-2952**

**Internal Revenue Service**
**P.O. Box 7346**
**Philadelphia, PA 19101-7346**

**Internal Revenue Service**
**P.O. Box 145595, Stop 8420G**
**Cincinnati, OH 45250-5585**

Kohls/Capital One
N56 W 17000 Ridgewood Dr
Menomonee Falls, WI 53051

Kohls/Capital One
Kohls Credit
Po Box 3120
Milwaukee, WI 53201

Ladera Ranch Maintenance Corp
c/o Community Legal Advisors Inc.
6 Orchard
Suite 200
Lake Forest, CA 92630

Ladera Ranch Maintenance Corp
c/o Assessment Management Services
15241 Laguna Canyon Road
Irvine, CA 92618

Ladera Ranch Maintenance Corp
c/o Community Legal Advisors
509 N. Coast Highway
Oceanside, CA 92054

Lauren Kimberle Anderson
2 Winterset
Ladera Ranch, CA 92694

Lexis Financial Services
PO Box 4102
Carol Stream, IL 60197-4102

LVNV Funding, LLC for
Arrow Financial Services, LLC
PO Box 10587
Greenville, SC 29603-0587

Mark T. Guithues
Mark Allen Wilson
Community Legal Advisors Inc.
509 N. Coast Highwy
Oceanside, CA 92054

Merrick Bank
c/o Resurgent Capital Services
PO Box 10368
Greenville, SC 29603-0368

Midland Credit Management, Inc
as agent for Midland Funding LLC
P.O. Box 2011
Warren, MI 48090

Navient
Attn: Bankruptc
Po Box 9500
Wilkes-Barre, PA 18773

Navient Solutions, LLC on behalf of
United Student Aid Funds, Inc.
GLHEGC AND AFFILIATES
PO BOX 8961
Madison, WI 53708-8961

Navient Solutions, LLC. on behalf o
The Department of Education
PO BOX 9635
Wilkes-Barre, PA 18773-9635

Orange County Sheriff's Office
Sheriff's Civil Division
Room 108
4601 Jamboree Blvd
Newport Beach, CA 92660

Quantum3 Group LLC as agent for
MOMA Funding LLC
PO Box 788
Kirkland, WA 98083-0788

SDGE
PO Box 25111
Santa Ana, CA 92799-5110

Synchrony Bank/TJX
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896

Synchrony Bank/TJX
Po Box 965005
Orlando, FL 32896

The Best Service Co., Inc.
6700 S Centinela Ave, 3rd Pl
Culver City, CA 90230

The Best Service Co/ca
Attn: Bankruptcy
10780 Santa Monica Blvd. Suite 140
Los Angeles, CA 90025

Toyota Motor Credit Co
Po Box 8026
Cedar Rapids, IA 52408

Toyota Motor Credit Corporation
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

True American Grain, Inc.
c/o R. Gibson Pagter, Jr.
PAGTER AND PERRY ISAACSON
525 N. Cabrillo Park Drive, Ste 104
Santa Ana, CA 92701

True American Grain, Inc.
c/o Timothy F Shields
30 Corporate Park, Suite 300
Irvine, CA 92606